```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,                      :
                                               :
                                               :           **MEMORANDUM AND ORDER**
             -against-                         :               10-CR-968 (DLI)
                                               :
WILLIAM C. LANGE, *et al.*,                    :
                                               :
                        Defendants.            :
-----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

The instant action arises out of a multi-defendant indictment alleging the defendants executed a fraudulent advance-fee scheme (the "HFGI Scheme"), related to financing for home builders, and a scheme to fraudulently induce investors (the "BSMI Scheme") to invest in Black Sand Mine, Inc. ("BSMI"), a Washington State corporation. In connection with the HFGI Scheme, defendant William C. Lange ("Defendant") is charged with one count ("Count One") of conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. In connection with the BMSI Scheme, Defendant is charged with one count ("Count Two") of conspiracy to commit securities and wire fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 18 U.S.C. § 371, and 18 U.S.C. § 1343, and one count ("Count Three") of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 18 U.S.C. § 2.

Defendant now moves to: 1) dismiss the action for improper venue; 2) compel certain discovery; 3) compel pre-trial discovery of *Brady* material; and 4) sever Count One of the indictment from the remaining counts.[1] (*See generally* Doc. Entry Nos. 47-52.) The government

---

[1] The court notes that it would have been more expeditious if Defendant had submitted one omnibus pre-trial motion instead of four separate motions. The court also reminds defense counsel that the court is located in the Second Circuit. Accordingly, defense counsel is advised, for purposes of any future motion, to cite Second Circuit precedent, as precedent from other circuits, which defense counsel cites throughout the instant motions, is not binding on this court.

opposes Defendant's motions in their entirety. (*See generally* Doc. Entry No. 73, Gov't Opp.) For the reasons set forth below, Defendant's motions are denied.

## DISCUSSION

### I. Venue

Defendant first alleges that venue in the Eastern District of New York ("EDNY") is improper because neither the Superseding Indictment ("SI") nor the discovery provided to Defendant establish a basis for venue and that the government has not otherwise articulated why venue is proper in the EDNY. Accordingly, Defendant asserts the SI should be dismissed and that the defendants should be discharged. (Doc. Entry No. 47, Def. Mot. to Dismiss at 3-4.) Defendant's arguments are premised on a misapprehension of the applicable law.

When a defendant challenges venue by way of a pre-trial motion to dismiss the indictment, "the government need only show that the indictment alleges facts sufficient to support venue." *United States v. Gonzalez*, 2011 WL 1405111, at *1 (E.D.N.Y. Mar. 23, 2011) (citing cases). Moreover, when a court considers a motion to dismiss the indictment, all of the allegations contained in the indictment must be accepted as true. *See United States v. Goldberg*, 756 F. 2d 949, 950 (2d Cir. 1985). Further, as Defendant concedes, (Doc. Entry No. 74, Def. Reply Brief at 1), an "indictment, alleging on its face that the offenses occurred 'within the Eastern District of New York and elsewhere,' suffices to sustain it against [a] pretrial attack on venue." *United States v. Bellomo*, 263 F. Supp. 2d 561, 579 (E.D.N.Y. 2003). Here, each count of the SI alleges the criminal activity occurred "within the Eastern District of New York and elsewhere." (SI ¶¶ 12, 14, 17.) Accordingly, for purposes of this pre-trial motion, the government has sustained its burden and Defendant's motion is denied.

While Defendant acknowledges the holdings of *Bellomo* and *Goldberg* he nonetheless argues they are "inconsistent with the constitutional magnitude of the venue issue[.]" (Def. Reply Brief at 1.) Despite Defendant's constitutional concerns, Defendant has failed to address the allegation that individuals who reside in the EDNY were victims of Defendant's alleged criminal activity. Surely this district has an interest, and venue is therefore proper, when it is alleged that residents of the EDNY were harmed by Defendant's alleged criminal activity. Accordingly, Defendant's constitutional argument is unavailing. Defendant is free to renew the motion to dismiss on venue grounds after the government's case in chief and again, if necessary, at the end of the entire case.

**II.     Rule 16 Discovery**

Second, Defendant moves, pursuant to Federal Rule of Criminal Procedure 16 ("Rule 16"), to compel the government to allow inspection and copying of communications between the government and a variety of individuals and law enforcement reports prepared as part of the investigation of this case. (*See* Doc. Entry No. 48, Mot. to Compel at 1.) The government argues the requests are fishing expeditions and that the communications and reports requested are otherwise not yet discoverable under the Jencks Act, 18 U.S.C. § 3500. (Gov't Opp. at 9.)

Defendant first seeks discovery of communications between employees of the government and attorneys representing alleged victims in civil suits against Defendant and his companies. He alleges these items are material to the presentation of his defense in that they may demonstrate bias and motives to fabricate on the part of witnesses for the government. (Mot. to Compel at 1-2.) Defendant's request is premature. The request for production of statements from potential witnesses "implicate[s] the Jencks Act, 18 U.S.C. § 3500, which provides that no prior statement made by a government witness [or prospective government

3

witness] shall be the subject of discovery until that witness has testified on direct examination." *United States v. Coppa,* 267 F. 3d 132, 145 (2d Cir. 2001).

Defendant next seeks discovery of communications between the government or its agents, and Roger Campagnola, now deceased, or his legal representatives. Defendant alleges these items are material to the presentation of his defense in that the items may contain information about possible witnesses for the defense. (Mot. to Compel at 1-2.)

In the context of Rule 16, an item is "material" if it "could be used to counter the government's case or to bolster a defense." *United States v. Stevens*, 985 F. 2d 1175, 1180 (2d Cir. 1993) (internal citations omitted). Defendant has the burden to show the items sought are material to preparing his defense. *United States v. Giffen*, 379 F. Supp. 2d 337, 342 (S.D.N.Y. 2004) (citation omitted). "[C]onclusory allegations" are "insufficient for this purpose." *Id*.

The court finds Defendant's conclusory allegation that the communications may contain information about possible witnesses insufficient to show the materiality of the communications to the presentation of his defense. To the extent the government agents'/investigators' communications constitute reports or internal government documents; they are not discoverable under Rule 16 (see below). Accordingly, Defendant's request is denied without prejudice. To the extent Defendant can show the materiality of his request with more particularity, and show that the request is otherwise proper under Rule 16 and 18 U.S.C. § 3500, Defendant may renew his application.

Finally, Defendant seeks discovery of all investigative reports of law enforcement officers involved in the investigation of this case. Defendant alleges these items are material to the presentation of his defense in that they may contain information in support of Defendant's motion to dismiss for improper venue. (Mot. to Compel at 1-2.) The request is denied.

Defendant cannot obtain the reports, as Rule 16 expressly prohibits such disclosures. *See* Rule 16(a)(2) ("[T]his rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case.").

### III. Government's *Brady* Compliance

Defendant next asks that the government be required to provide a "more formal certification" that it is in compliance with its ongoing obligations under *Brady v. Maryland*, 373 U.S. 83 (1963). (*See* Doc Entry No. 50, Def. Mem. in Supp. at 2.) Defendant has not raised any allegations that the government has failed to comply with its *Brady* obligations. Instead, Defendant asserts that because he has a good faith belief that certain individuals whom the government interviewed provided exculpatory information, the court should direct the government to review those interviews and disclose any *Brady* material. (*Id.* at 1-2.)

It is well settled under *Brady* and its progeny that the government has an obligation under the Due Process Clause to disclose to the defense any exculpatory evidence that is material. *See United States v. Persico*, 645 F. 3d 85, 111 (2d Cir. 2011) (Citing *Brady*, 373 U.S. at 87). However, the government need only disclose *Brady* materials "in time for its effective use at trial," and not merely upon request of the defense. *United States v. Brown*, 2011 WL 3163171, at *7 (E.D.N.Y. July 25, 2011) (citing *United States v. Douglas,* 525 F. 3d 225, 245 (2d Cir. 2008)).

Here, Defendant has made no allegation that the government has failed to provide exculpatory material in time for its effective use at trial. Rather, as Defendant concedes, the government has represented it is complying with its *Brady* obligations, (Def. Mem. in Supp. at 2; Gov't Opp. at 13), and that it is currently unaware of any *Brady* material in its possession.

(Gov't Opp. at 13.) The government also represents it will immediately produce such material if any is discovered. (*Id.*) Finally, the government represents that it will again review the interview materials identified by Defendant to determine whether they fall within the scope of *Brady* and its progeny. (*Id.*) Accordingly, in light of these representations, Defendant's motion is denied, with leave to renew upon demonstration that the government has failed to comply with its disclosure obligations under *Brady* and its progeny.

IV.     **Severance**

Lastly, Defendant moves, pursuant to Federal Rule of Criminal Procedure 14 ("Rule 14"), to sever Count One, which relates to the HFGI Scheme, from Counts Two and Three, which relate to the BSMI scheme. (*See* Doc. Entry No. 51.) Specifically, Defendant asserts no relationship exists between the two alleged schemes, and, in conclusory fashion, claims he will suffer prejudice if the two alleged schemes are tried together because the jury may infer a criminal disposition on the Defendant's part and cumulate the evidence of the schemes.[2] (Doc. Entry No. 52, Mem. in Supp. of Def. Rule 14 Mot. at 2.)

Where the proper joinder of offenses in an indictment appears to prejudice a defendant, a district court may order separate trials of counts. *See* FED. R. CRIM. P. 14(a). That decision is within the "sound discretion" of the district court. *United States v. Salameh*, 152 F. 3d 88, 115 (2d Cir. 1998) (citations omitted). To prevail under a Rule 14 motion for a separate trial, "the defendant must show not simply some prejudice but *substantial* prejudice." *United States v. Sampson*, 385 F. 3d 183, 190 (2d Cir. 2004) (quoting *United States v. Werner*, 620 F. 2d 922,

---

[2] To the extent Defendant, by asserting no relationship exists between the HFGI and BSMI schemes is attempting to challenge the propriety of the joinder of offenses as opposed to the prejudice that may result therefrom, that challenge should be brought under Federal Rule of Criminal Procedure 8(a) ("Rule 8(a)"). Since Defendant has not made a motion under Rule 8(a), the court will not address the issue here.

928 (2d Cir. 1980) (emphasis in original)). Substantial prejudice means prejudice so great as to deny the defendant a fair trial. *Salameh*, 152 F. 3d at 115 (quoting *United States v. Cardascia*, 951 F. 2d 474, 482 (2d Cir. 1991)). Generalized concerns of "spillover" prejudice or concerns that a jury would be influenced by the cumulative effect of evidence are insufficient to demonstrate the level of prejudice necessary for a defendant to prevail on a Rule 14 motion. *See United States v. Rivera*, 546 F. 3d 245, 254 (2d Cir. 2008); *see also Werner*, 620 F. 2d at 929 (mere showing of some adverse effect, such as adverse effect of being tried for two crimes rather than one, is insufficient to warrant granting separate trials under Rule 14).

Defendant's speculative concerns that the jury may infer a criminal disposition on his part and cumulate the evidence of the schemes do not rise to the level of substantial prejudice necessary to justify granting the Rule 14 motion. Moreover, Defendant's concerns can be addressed by crafting appropriate limiting jury instructions. *See United States v. Feyrer*, 333 F. 3d 110, 114 (2d Cir. 2003) (noting that even in situations where the risk of prejudice is high, less drastic measures, such as limiting instructions, often suffice). The court finds that limiting instructions would be sufficient to address any purported prejudice, and, therefore, severance is unnecessary. Accordingly, the motion is denied.

## CONCLUSION

For the reasons set forth above, Defendant's motions are denied in their entirety.

SO ORDERED.

Dated: Brooklyn, New York
    February 15, 2012

                                                    /s/
                                            DORA L. IRIZARRY
                                            United States District Judge

7