```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,                      :
                                               :      MEMORANDUM AND ORDER
            -against-                          :           09-CR-968 (DLI)
                                               :
FRANK E. PERKINS, BRAD A. RUSSELL,             :
and KRISTOFOR J. LANGE,                        :
                                               :
                        Defendant.             :
----------------------------------------------------------------x
```

**DORA L. IRIZARRY, United States District Judge:**

Defendants Frank E. Perkins ("Perkins"), Brad A. Russell ("Russell"), and Kristofor Lange were charged with securities fraud, conspiracy to commit securities fraud, and conspiracy to commit wire fraud. (Indictment, Docket Entry No. 38.) A trial is scheduled to begin on January 13, 2014. The government intends to seek a forfeiture money judgment in the event that any of the Defendants are convicted,[1] and requests that the Court, rather than the jury, determine the amount of the judgment. Defendant Perkins opposes. Defendant Kristofor Lange does not oppose the government's request, but he argues that the government should release specific property currently being held by the government pending the outcome of the trial.

For the reasons set forth below, the Court finds that a jury determination of the forfeiture amount is not warranted, and the government is directed to release property belonging to Kristofor Lange.

---

[1] If the defendants are convicted of any of the charged offenses, the Court will be required to enter an Order of criminal forfeiture. Under 18 U.S.C. § 2461(c), if a defendant is convicted of an offense "for which the civil or criminal forfeiture of property is authorized," "the court shall order the forfeiture of the property as part of the sentence." Civil forfeiture is authorized by 18 U.S.C. § 981(a)(1)(C) for "any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense." In turn, 18 U.S.C. § 1956(c)(7) references the offenses identified in 18 U.S.C. § 1961(1), which includes both wire fraud in violation of 18 U.S.C. § 1343 and "fraud in the sale of securities."

## DISCUSSION

I. **Jury Determination of Forfeiture**

The government argues that there is no basis for the jury to be retained for the forfeiture proceedings phase of this criminal action. (Gov.'s 12/4/13 Let. at 1, Doc. Entry No. 182.) In response, Defendant Perkins submits that the Supreme Court's holding in *Southern Union Company v. United States*, 132 S. Ct. 2344 (2012), requires that the jury determine the amount of any forfeiture money judgment. (Perkins' 12/12/13 Let., Doc. Entry No. 187.)

The United States Supreme Court has held that there is no constitutional right to a jury verdict on forfeiture. *See Libretti v. United States*, 516 U.S. 29, 41, 49 (1995); *see also United States v. Fruchter*, 411 F.3d 377, 380 (2d Cir. 2005) (noting that the Second Circuit has relied on *Libretti* in rejecting claims that proof beyond a reasonable doubt is required in forfeiture proceedings). Defendant Perkins argues that the Supreme Court's more recent decision in *Southern Union* abrogates *Libretti*. (Perkins' 12/12/13 Let.) In *Southern Union*, the Supreme Court held that the rule of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), in which the Court found that the Sixth Amendment provides a right to a jury determination of facts that increase the maximum potential sentence, extends to the imposition of criminal fines. *Southern Union*, 132 S. Ct. at 2357. According to Mr. Perkins, "*Southern Union* seems to indicate that any criminal sentence which can be increased depending on the facts requires a finding by the jury as to the facts at issue." (Perkins' 12/12/13 Let. at 2.)

Although the Second Circuit, to date, has not revisited *Libretti* since the Supreme Court's ruling in *Southern Union*, the Circuit Courts that have done so have found that *Libretti* remains controlling law. *See United States v. Phillips*, 704 F.3d 754, 770 (9th Cir. 2012) (finding that *Southern Union* does not abrogate *Libretti*, because fines are distinguishable from forfeiture),

*cert. denied*, 133 S. Ct. 2796 (2013); *United States v. Day*, 700 F.3d 713, 733 (4th Cir. 2012) (holding that, even in light of *Southern Union*, "the rule of *Apprendi* does not apply to a sentence of forfeiture"), *cert. denied*, 133 S. Ct. 2038 (2013), *reh'g denied*, 134 S. Ct. 25 (2013). Moreover, as Defendant Perkins acknowledges, the Second Circuit has explicitly found that *Apprendi* and its progeny do not overrule *Libretti*, because criminal forfeiture does not arise from a "determinate sentencing regime." *Fruchter*, 411 F.3d at 382-83 (2d Cir. 2005). Since criminal forfeiture is not subject to any statutory maximum, "*Apprendi* has no effect on criminal forfeiture proceedings." *Id.* at 383 (quoting *United States v. Messino*, 382 F.3d 704, 713 (7th Cir. 2004)). In contrast, the statute violated by the appellant in *Southern Union* carried a maximum fine of $50,000 for each day of violation. *Southern Union*, 132 S. Ct. at 2352. Accordingly, the Court finds that a jury verdict on forfeiture is not constitutionally required.

Although the parties do not dispute this issue, the Court notes that the Federal Rules of Criminal Procedure do not require a jury determination of forfeiture under the circumstances of this case. Under Rule 32.2, "the court must determine . . . whether either party requests that the jury be retained to determine the forfeitability of *specific property* . . . ." Fed. R. Crim. P. 32.2(b)(5) (emphasis added). The rule further provides that "[i]f a party timely requests to have the jury determine forfeiture, the government must submit a proposed Special Verdict Form listing each property subject to forfeiture and asking the jury to determine whether the government has established the requisite nexus between the property and the offense committed by the defendant." *Id.* "[T]he only issue for the jury in such cases would be whether the government has established the requisite nexus between the property [to be forfeited] and the offense." Fed. R. Crim. P. 2000 Advisory Committee's Note. The language of Rule 32.2(b)(5)

clearly limits the role of the jury to an assessment of whether there is a nexus between a specific property and the crime of conviction. *See* Fed. R. Crim. P. 32.2(b)(5).

The only determination that must be made when the government seeks a money judgment is the amount that the defendant will be ordered to pay. "[I]f the government does not seek specific property, but rather a personal money judgment, the court itself determines the amount of money that the defendant will be ordered to pay." *United States v. Galestro*, 2008 WL 2783360, at *11 (E.D.N.Y. July 15, 2008) (citing Fed. R. Crim. P. 32.2); *see also United States v. Watts*, 934 F. Supp. 2d 451, 493 (E.D.N.Y. 2013) (holding that Rule 32.2 does not provide a right to a jury determination of the money judgment amount). "The defendant is not entitled to have the jury decide the amount of the forfeiture." *Galestro*, 2008 WL 2783360, at *11 (citing *United States v. Tedder*, 403 F.3d 836, 841 (7th Cir. 2005)).

Here, since the government is seeking a criminal forfeiture money judgment rather than forfeiture of specific property, there is no nexus determination to be made by the jury. Accordingly, Defendant Perkins' request for a jury verdict on forfeiture is denied.

**II.    Pre-Conviction Restraint of Kristofor Lange's Property**

The Superseding Indictment contains a forfeiture allegation indicating that the government intends to seek forfeiture of any property traceable to the charged offenses, including, but not limited to, one piece of real property and three motorcycles. (Indictment ¶ 18.) Since the government is now seeking a money judgment rather than forfeiture of specific property, Defendant Kristofor Lange contends that the government should release the motorcycle identified in the Superseding Indictment that is titled to him. (K. Lange's 12/9/13 Let., Doc. Entry No. 185.) The government argues that it is justified in holding Kristofor Lange's property pending the outcome of the trial because it later may seek forfeiture of the motorcycle as a

substitute asset to satisfy any money judgment entered by the Court. (Gov.'s 12/13/13 Let., Doc. Entry No. 189.)

The Court may authorize forfeiture of "substitute property" where property subject to forfeiture has been "transferred or sold to, or deposited with, a third party." 21 U.S.C. § 853(p); Fed. R. Crim. P. 32.2(e); Levitt v. Brooks, 2013 WL 1346257, at *4 (E.D.N.Y. Mar. 29, 2013). "Forfeiture of substitute property cannot occur until after the defendant's conviction and a determination by the trial court that the defendant's act or omission resulted in the court's inability to reach [the forfeitable property]." United States v. Jarvis, 499 F.3d 1196, 1204 (10th Cir. 2007).

The government's position is contrary to Second Circuit precedent. Indeed, the Second Circuit has held clearly that pre-conviction restraint of substitute assets is impermissible. *United States v. Gotti*, 155 F.3d 144, 150 (2d Cir. 1998).[2] Moreover, the cases from other circuits and districts cited by the government cases are inapposite and not binding on this Court. For example, in both *United States v. Candelaria-Silva*, 166 F.3d 19, 43 (1st Cir. 1999) and *United States v. Saccoccia*, 564 F.3d 502, 506-07 (1st Cir. 2009), the First Circuit held that the government could seek forfeiture of property as a substitute asset, even if the government could have sought forfeiture of the property directly. However, in each case, the government sought forfeiture of the substitute asset only after the initial forfeiture order was entered and it was established that the defendant had "dissipated or otherwise disposed of the proceeds of" the crime. *Candelaria-Silva*, 166 F.3d at 42; *Saccoccia*, 564 F.3d at 503. Neither case addresses the

---

[2] The Second Circuit's decision in *Gotti* was based on its interpretation of the RICO forfeiture provision, 18 U.S.C. § 1963, rather than the statute governing this case, 21 U.SC. § 853. *See Gotti*, 155 F.3d 144. However, "[a]s evidenced by language, structure, and legislative history, the forfeiture provisions of [21 U.S.C.] § 853 are substantially identical to those of 18 U.S.C. § 1963." *United States v. Kramer*, 2006 WL 3545026, at *4, n.5 (E.D.N.Y. Dec. 8, 2006) (citing *United States v. Ripinsky*, 20 F.3d 359, 362 n.3 (9th Cir. 1994)). "Thus, in interpreting either statute, courts will routinely refer to cases and legislative history referring to the other statute." *Id.*

question at issue here – whether the government may hold property that it may later seek as a substitute asset pending the outcome of the trial. The additional cases cited by the government are similarly inapposite and undispositive. *See United States v. Hailey*, 887 F. Supp. 2d 649 (D. Md. 2012); *United States v. Weidner*, 2004 WL 432251 (D. Kan. Mar. 4, 2004).

In light of the Second Circuit's holding in *Gotti*, the Court finds that continued pre-conviction restraint of Kristofor Lange's property would be contrary to law. Accordingly, the government is directed to release the motorcycle identified in the Superseding Indictment that is titled to Kristofor Lange.

## CONCLUSION

For the reasons set forth above, the Court finds that a jury determination of any money forfeiture is not warranted, and the government is directed to release property belonging to Kristofor Lange.

SO ORDERED.

Dated: Brooklyn, New York
January 10, 2014

/s/
DORA L. IRIZARRY
United States District Judge